# Dilks & Knopik

**Assignment Agreement**

This Assignment Agreement (the "Agreement") is entered into as of Monday, February 10, 2020 (the "Effective Date") by and between Dilks & Knopik, LLC, a Washington Limited Liability Company, with a principal place of business at 35308 SE Center Street, Snoqualmie, WA 98065, (the "Assignee") and Claire V. Dwyer with an address of 24 Aristocrat Way, Jackson NJ 08527 (the "Assignor").

1. **Recitals**

    1.1.    1.1.    Assignor is/was a debtor in the case (19-13752-MBK) as filed in the District Of New Jersey (the "Case"). As a Debtor in the Case, Assignor was entitled to distribution of funds from the assets of the Debtor's Bankruptcy Estate in the amount of $2,232.00 (the "Funds"). Remittance to Assignor was not successful, and pursuant to Federal Rule of Bankruptcy Procedure 3011 and 11 U.S.C. 347, the Funds were deposited into the Registry of the Court. The Funds then being subject to withdrawal in accordance with 28 U.S.C. 2042.

    1.2.    Assignor not desirous of attempting collection of the Funds, nor wishing to incur the time and expense of such collection, does hereby wish and does assign, and convey to the Assignee, for good and valuable consideration, all of Assignor's rights, title and interest in the Funds, without the presence of undue influence or coercion.

NOW THEREFORE, in consideration of mutual obligations, covenants, representations, and warranties herein, the parties agree as follows:

2. **Assignment of Interest.**

    2.1.    The assets herein assigned to Assignee are those stated in paragraph 1.1 above, attached hereinto and incorporated by reference, that collectively are the Funds held for the benefit of Assignor by the Clerk of the Court of the court identified in paragraph 1.1 in the Unclaimed Funds Registry.

    2.2.    *Assignment of Interest.* As herein stated Assignor, hereby does assign, transfer and convey all of Assignor's rights, title, and interest in the Funds, in an AS IS basis, for good and valuable consideration without undue influence or coercion, and of his/her/its free will. In the interest of consummating this Agreement, both parties do acknowledge and agree to fulfill their obligations herein to affect the lawful assignment, transfer, and conveyance of the Funds to Assignee.

    2.3.    *Consideration.* The consideration herein given by Assignee to Assignor shall be the performance of all reasonable and necessary services for the collection, recovery, or procurement of the Funds for a period not to exceed six (6) months. In the event, that recovery of the Funds within the twelve (12) month period is unsuccessful this Assignment shall terminate and all rights, title and interest in Funds herein granted shall revert to Assignor. Assignor at Assignor's discretion may extend this Assignment by way of addendum so stating and incorporated herein by reference. Such Addendum shall only modify the duration of the Assignment and nothing else unless otherwise agreed by the parties.

On this 21st day of May, 2020. I certify that the preceding or attached document titled (Assignment Agreement), (4 pages) is a true, accurate and complete copy of the original being held at 35308 SE Center Street, Snoqualmie, WA 98065

_____
Matthew Zettley - Notary Public
My commission expires: February 19, 2022

MATTHEW ZETTLEY
NOTARY PUBLIC
STATE OF WASHINGTON
COMMISSION EXPIRES
FEBRUARY 19, 2022

Page 1 of 4

2.4. *Power of Attorney.* To the extent necessary under applicable law, the Assignor does hereby appoint for the limited purpose of collection of the Funds and fulfillment of Assignor's obligation(s) under this Agreement, Dilks and Knopik, LLC as its attorney-in-fact.

3. Closing. The closing of the transaction herein shall be done immediately upon fulfillment of each party's obligations hereunder, or on such other date as the parties may agree (the "Closing Date"). At the closing, Assignor shall deliver an original of this Agreement and such other documents as may be required to consummate this transaction, and Assignee shall deliver a countersigned Agreement and any other document(s) requiring countersignature, and the consideration herein. Any closing costs shall be paid by the party incurring such costs.

4. **Representations and Warranties.**

4.1 *Assignor.* Assignor does hereby represent and warrant that (a) he/she/it is legally competent to execute this Agreement, and has full power, authority and legal right to execute, deliver, and perform as agreed under this Agreement, (b) that he/she/it is the sole and lawful entity entitled to the Funds herein assigned to Assignee, (c) that he/she/it has not otherwise pledged, sold, assigned, transferred, or conveyed the interest herein assigned to Assignee to any other party, person or entity, in whole or in part, providing such proof as may be necessary (d) that he/she/it is not involved in any legal proceeding that may affect any right to assign, transfer or convey to Assignee the interest in the Funds herein contemplated, (e) that he/she/it performs under this contract without undue influence or coercion on the part of the Assignee or any other party, (f) that he/she/it shall cooperate with Assignee to fulfill his/her/its obligations under this Agreement and to Assignor, including execution of this Agreement and such other documents as may be necessary to effect the assignment to Assignee without delay. Assignor has verified that all Funds are currently owned by Assignor, (g) that he/she/it acknowledges and understands that during the period above described in paragraph 2.3 he/she/it shall not attempt or seek to collect the Funds by way of his/her/its own action, or contract, enlist, or otherwise procure the services of any other person or entity for the collection, recovery, or procurement of the Funds, and (f) that by way of this Assignment he/she/it has granted exclusive right, title, and interest to the Funds for the period of above referenced.

4.2 *Assignee.* Assignee does hereby represent and warrant that it has full power, authority and legal right to execute this Agreement, and shall cooperate with Assignor to fulfill its obligations under this Agreement. Assignee further represents and warrants that by this Assignment it is bound to perform the services as described in paragraph 2.3 (above).

5. **Breach.**

5.1. Any misrepresentation as to the Representation and Warranties in paragraph 4.1 by Assignor shall constitute a breach of this Agreement.

5.2. In the event of Breach, Assignee, as its sole and exclusive remedy, shall be entitled to terminate this Agreement with immediate effect and be entitled to reimbursement of any costs or expenses incurred by Assignee in providing the services to collect, recovery or procure the Funds unless good cause exists why it should not.

5.3. Upon termination, Assignee shall no longer be required to provide any services to which it is bound to perform herein, and withdraw any petition previously filed with any agency or court without liability for the effect(s) of such withdrawal.

6. Waiver. Waiver of any remedy by Assignor shall not constitute or be construed as a waiver any other provision of this Agreement by Assignee.

## 7. Drafting.

7.1. The parties hereto has participated in the drafting of this Agreement, which each party acknowledges is the result of extensive negotiations between the parties.

7.2. In the event of any ambiguity or question of intent arises, this Agreement shall be construed as if drafted jointly by the parties and no presumption or burden of proof shall arise favoring or disfavoring any party by virtue of the authorship of any of the provisions of this Agreement.

## 8. General Provisions.

8.1. *Enforceability*. This Agreement constitutes full understanding of the parties superseding any and all prior agreements, oral or written, and the binding obligations of the parties in accordance with its terms except as may be limited by operation of law.

8.2. *Binding Effect*. The terms and provisions of this Agreement shall be binding on and inure to the benefit of the successors, assigns, heirs, and legatees of the parties.

8.3. *Notices*. Any notices required to be provided hereunder shall be delivered to the address of each party as first stated above, or such other address of which each party may notice the other.

8.4. *Headings*. All headings contained herein are for convenience of reference and organization only, and shall not be construed or interpreted to be part of this Agreement, nor affect in any way its meaning or interpretation.

8.5. *Mutual Writing*. This Agreement has been drafted by mutual contribution of the parties, and shall not be construed against either party due to authorship.

8.6. *Counterparts*. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

8.7. *Advice of Counsel*. Assignor has sought independent legal advice or hereby waives the opportunity to seek such legal advice prior to the execution of this Agreement.

8.8. *Severability*. In the event any provision herein is deemed to be invalid, illegal, or unenforceable, such provision shall be removed, but all other provisions herein shall remain in full force and effect.

8.9. *Choice of Law*. This Agreement shall be interpreted in the law of Washington State, any disputes, claims, or controversies arising under or related to it shall be brought in a court of competent jurisdiction in King County, Washington. In the event of matter brought before a court, both parties waive its right to trial by jury, and specifically agree that any matter brought by either party may be decided by a bench trial, or if appropriate by arbitration under the rules of the court governing such procedure.

8.10. *Time of the Essence*. The parties hereto acknowledge that time is of the essence in the performance of all obligations under this Agreement.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed as of the day and year first written above.

Assignor: _____
Claire V. Dwyer

Assignee: _____
Dilks & Knopik, LLC
Jeffrey Hudspeth – Authorized Signatory

# Dilks & Knopik

## NOTICE OF ASSIGNMENT

For good and valuable consideration, the undersigned, Claire V. Dwyer ("Assignor"), hereby, assigns, conveys and transfers over and unto Dilks & Knopik, LLC ("Assignee"), any and all of right, title and interest in and to the below referenced funds.

The Assigned funds:

Debtor: Claire V. Dwyer
Court: United States Bankruptcy Court - District Of New Jersey
Case Number: 19-13752-MBK
Chapter: 13
Unclaimed Amount: $2,232.00

FUNDS ARE BEING ASSIGNED "AS-IS, WHERE-IS" WITH NO WARRANTIES OR REPRESENTATIONS WHATSOEVER, EXCEPT AS EXPRESSLY PROVIDED IN THE ASSIGNMENT AGREEMENT, INCLUDING, WITHOUT LIMITATION, WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE.

IN WITNESS WHEREOF, the parties hereto have caused this notice of assignment to be executed as of the Monday, February 10, 2020.

Claire V. Dwyer

_____
Signature